IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABD AL GHALIB AHMAD ALHAG, *et al.*,<br>    *Petitioners/Plaintiffs*,<br><br>v.<br><br>GEORGE W. BUSH, et al.,<br>    *Respondents/Defendants*. | Civil Action No. 05-2199 (HHK) |

## Petitioners' Reply Memorandum In Support of Motion to Vacate Stay and Enter Protective Order

Petitioner and Next Friend submit this reply memorandum in support of this motion to vacate stay and enter the Protective Order.

Entry of the Protective Order is necessary to allow undersigned counsel to meet for the first time with Petitioner Alhag and consult with him regarding, *inter alia*, Respondents' claim that the Detainee Treatment Act (hereinafter "DTA") applies retroactively. The mere pendency of the government's claim cannot deprive Petitioner of his right to consult on that very issue. Entry of the Protective Order is necessary to exercise that right.

Contrary to Respondents' claims, Petitioners' request does not implicate the DTA. Indeed, in another Guantánamo detainee case, Adem v. Bush, No. 05-0723 (D.D.C. March 14, 2006), Magistrate Judge Alan Kay rejected Respondents' argument that the DTA eliminates a petitioner's right to counsel and ordered Respondents to allow counsel access to their clients under the Protective Order, rejecting the same DTA objections made here by Respondents.[1]

---

[1] See Mar. 14, 2006 Memorandum Opinion, Adem v. Bush, No. 05-0723 (D.D.C. March 14, 2006) (attached hereto as Exhibit A). As Magistrate Kay stated, "The issue raised by [petitioner's] motion seeking access to counsel pursuant to the Amended Protective Order does

Respondents' latest explanation of this previously-rejected position changes nothing. Respondents state first that they "have permitted counsel visits and other privileged access to properly represented detainees in cases where the Protective Order had *already* been entered, and its requirements satisfied [emphasis added]." Respondents' Opposition Brief at Fn. 3. Respondents also admit, however, that they "have consistently opposed entry of the Protective Order in cases where it had *not already* been entered [emphasis added]." Id. This admittedly inconsistent treatment is egregious, resulting in the arbitrary and capricious denial of access to counsel for some detainees, while others enjoy the full benefit of that right, as ordered by this Court.[2]

Even if this Court now accepts the arbitrary line drawn by Respondents, we ask the Court to recognize Respondents own tactics of delay put Petitioner on the "wrong" side of that line. Petitioner filed his *habeas* petition at the beginning of November 2002; in response, Respondents claimed that they were "not aware" of any such detainee. Counsel for Petitioners, without any assistance from Respondents, collected and forwarded correspondence that forced the government to admit that they were detaining Petitioner, which resolved the issue a full three months after the *habeas* petition was filed. We respectfully ask this Court to put an end to Respondents' perpetual use of their own delay as a weapon against our client.

---

not implicate any of the jurisdictional questions currently pending in the D.C. Circuit and the Supreme Court." Id. at 21.

[2] As we note in our opening brief, this Court has entered and enforced the Protective Order in other cases subsequent to the enactment of Detainee Treatment Act. In fact, just yesterday, this Court, in Amer Mohammon, et al. v. George W. Bush et al., No. 05-2386 (D.D.C. June 27, 2006) (attached hereto as Exhibit B), ordered the entry of the Protective Order in that case, noting that the Respondents "willingness to consent to the entry of the protective order in similar cases even after the DTA came into effect on December 30, 2005, undermines their contention that the Court cannot or ought not enter an order affording the petitioners access to their attorneys" and that "[d]enying access to counsel to prisoners in this situation could . . . undermine the efficacy of the Great Writ of habeas corpus." Id. at 2 – 3. We therefore respectfully submit that there is simply no good reason to single out particular detainees and refuse to enter the Protective Order in their respective cases.

Finally, even if the Court of Appeals ultimately rules that the DTA applies to these proceedings, Petitioner Alhag would still be entitled—pursuant to Section 1005 of the DTA—to challenge the validity of his detention as an enemy combatant, before the Court of Appeals, just as he is otherwise entitled to challenge his detention before *this* Court.  In short, there is no sound argument for delaying Petitioner's access to counsel while waiting for the Court of Appeals. Petitioner has a right to prepare his challenge no matter where he will ultimately bring it.  The continued denial of Petitioner's access to his *pro bono* counsel must end.

For these reasons, we respectfully request this Court to enter the Protective Order.

Dated:      June 28, 2006

Respectfully submitted,

Counsel for Petitioner:

/s/  David L. Engelhardt

Frank C. Razzano (DC360173)
David L. Engelhardt (DC429886)
David L. Gunn (DC488761)
Charmaine Cheung (DC489141)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
Tel: (202) 785-9700
Fax: (202) 887-0689

*Of Counsel*
Barbara J. Olshansky (NY0057)
Director Counsel
Tine Monshipour Foster (NY5556)
Gitanjali S. Gutierrez (NY1234)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument and all attachments have been served on Respondents' by ECF and a copy of all instruments have been emailed to the following persons:

**Terry M. Henry, Esq.**
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530
and

**Andrew I. Warden**
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530

On this the 28th day of June, 2006

/s/ David L. Gunn
David L. Gunn