*PREVIOUSLY FILED WITH CSO AND*
*CLEARED FOR PUBLIC FILING*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ABD AL GHALIB AHMAD ALHAG, *et al.*,<br>    *Petitioners/Plaintiffs*,<br><br>v.<br><br>GEORGE W. BUSH, et al.,<br>    *Respondents/Defendants*. | Civil Action No. 05-cv-2199 (HHK) |

## MOTION FOR FACTUAL RETURNS AND MEMORANDUM IN SUPPORT THEREOF

Petitioner Abd Al Ghalib Ahmad Alhag ("Petitioner" or "Alhag") respectfully requests an order requiring Respondents to produce unredacted factual returns to petitioner's counsel. Specifically, counsel seek classified and unclassified evidence; unredacted hearing transcripts of the Combatant Status Review Tribunal ("CSRT") and Administrative Review Board ("ARB") proceedings, including any classified portions, pertaining to Petitioner's initial and continued classification as an enemy combatant; and any exhibits attached to the transcripts. Additionally, counsel seek evidence in the possession, custody or control of Respondents tending to show that Petitioner is *not* an enemy combatant. Counsel require complete, unredacted factual returns to represent Petitioner effectively. As counsel already possess the requisite security clearance, production of these classified materials will neither impose a burden on Respondents nor pose a national security risk.[1]

---

[1] Similar motions have been granted in numerous related matters. *See, e.g.,* Order, *Al-Asadi v. Bush*, No. 05-CV-2197 (D.D.C. Oct. 10, 2006) (Kennedy, J.); Memorandum Order, *Al-Mohammed v. Bush*, No. 05-0247 (Apr. 30, 2005) (Kennedy, J.); Order, *Al-Asadi v. Bush*, No. 05-CV-2197 (D.D.C. Oct. 10, 2006); Order, *Amin v. Bush*, No. 05-2336 (D.D.C. Sept. 18, 2006); Minute Order, *Thabid v. Bush*, No. 05-CV-2398 (D.D.C. Aug. 18, 2006); Memorandum Order, *Alsaaei v. Bush*, No. 05-CV-2369 (D.D.C. Aug. 14, 2006); Memorandum Opinion and Order, *Kahn v. Bush*, No. 05-CV-1001 (D.D.C. Aug. 10, 2006); Memorandum Opinion and Order, *Al-Ghizzawi v. Bush*, No. 05-2378 (D.D.C. Aug. 9, 2006); Memorandum Order, *Zadran v. Bush*,

Before filing this motion, Petitioner's counsel conferred with Respondents' counsel as required by LCvR 7(m).  Respondent's counsel indicated that Respondents oppose the motion.  The following memorandum of points and authorities and the attached proposed order support this motion.[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      Statement of Facts**

On November 10, 2005, co-counsel Dickstein Shapiro LLP ("Dickstein Shapiro") and the Center for Constitutional Rights filed a petition for writ of habeas corpus on behalf of Petitioner Alhag, ISN # 686, based upon the Next Friend authorization of Petitioner's brother Sa'eed Ghalib Ahmad Alhag.  Dickstein Shapiro attorneys Reginald B. McKnight, John C. Snodgrass, and David Gunn were granted secret security clearance in connection with this and related petitions.  On August 14, 2006, the Court entered a Protective Order securing counsel's right to visit Petitioner.

Counsel McKnight and Snodgrass met with Petitioner at Guantánamo Naval Base on September 27, 2006.  In advance of the meeting, counsel's only knowledge of the allegations against Petitioner was obtained from a seven-page, unclassified CSRT transcript that Respondents produced pursuant to the Freedom of Information Act.  (See attached as Exhibit A).

---

No. 05-CV-2367 (D.D.C. July 18, 2006); Memorandum Order, *Rabbani v. Bush*, No. 05-CV-1607 (D.D.C. June 16, 2006); Memorandum Order, *Said v. Bush*, No. 05-CV-2384 (D.D.C. May 23, 2006) (ordering Respondents to file *four* separate factual returns); Order, *Almerfedi v. Bush*, No. 05-CV-1645 (D.D.C. Mar. 6, 2006).

[2] Petitioner acknowledges that the Military Commissions Act of 2006, Pub. L. No. 109-366 ("the MCA") became law on October 17, 2006.  The constitutionality of the MCA is currently being briefed before the United States Court of Appeals for the District of Columbia Circuit.  Respondents have sought no relief on the basis of the MCA and until the Court of Appeals rules, they are entitled to none.  The mere enactment of the MCA should not affect Counsel's access to the requested transcripts at this time.

The CSRT transcript presents only a vague statement of the allegations that led Respondents to classify Petitioner as an enemy combatant; it identifies none of the evidence that allegedly supports the allegations.

In the unclassified portion of the Tribunal President's examination of Alhag, Petitioner does little more than state that he was studying the Koran in Pakistan and that all relevant facts are in his file. According to the Personal Representative's one-paragraph summary at the very end of the transcript, Alhag denied each of the central, unclassified allegations against him, specifically denying (1) any alleged association with Al-Qaeda; (2) that he had ever trained at Al Farouq; and (3) that he had joined Jama'at al-Tabligh with the knowledge that the group was a cover for travel activities of Al-Qaeda. Petitioner Alhag maintains his denial of all of Respondents' claims against him.

## II.     Argument

### A.     Factual Returns are Necessary for Counsel's Effective Representation of Petitioner

The requested factual returns are crucial to counsel's representation of Petitioner. Counsel currently have little, if any, information concerning the charges against Petitioner and his continued detention at Guantánamo. Before filing this motion, Counsel requested that Respondents produce the factual returns sought here. Respondents refused. The unclassified CSRT transcript is disjointed and incomplete; it leaves counsel to guess the basis for Respondents' *initial* determination that Petitioner is an enemy combatant. The transcript produces no information at all concerning Respondents' *present* determination that Alhag is a continuing threat to the United States. If indeed Respondents have any evidence supporting their detention of Petitioner, it should be contained in the transcripts of the ARB hearings, which Respondents purportedly conduct annually to reassess a detainee's status.

Now that counsel have visited with Petitioner and received direct verbal authorization to proceed in their representation, counsel's access to the requested information is crucial. Counsel simply cannot represent Petitioner without access to additional information regarding the charges and supporting and mitigating evidence. U.S. CONST. amend. VI. The ARB hearing transcripts also would assure counsel, and this Court, that Respondents are in fact conducting annual reviews of Petitioner's status.

      B.      <u>Producing Factual Returns is Neither a Threat to National Security Nor Burdensome</u>

The Amended Protective Order ensures that Respondents' production of classified materials will not pose a national security risk. Counsel McKnight and Snodgrass have received national security clearance and have signed the Memorandum of Understanding that controls handling of classified information. The Amended Protective Order "should [therefore] allay Respondents' fear of inadvertent disclosure of classified or otherwise protected information." *See* Memorandum Order, *Al-Mohammed v. Bush*, 05-CV-00247 (D.D.C. Apr. 30, 2005). Dickstein Shapiro attorneys who have not received a security clearance will not have access to the classified materials.

Nor would the requested order impose any undue burden on Respondents, who can comply with this requested order by simply photocopying and delivering readily available documents. Indeed, Respondents have been ordered to produce similar documents within a matter of days. *See, e.g.*, *Said v. Bush,* No. 05-CV-2384 (D.D.C. May 23, 2006) (Respondents ordered to produce *four* separate factual returns by June 2, 2006); *Errachidi v. Bush*, No. 05-CV-0640 (D.D.C. Apr. 21, 2005) (Respondents ordered to produce factual returns within seven-day time frame); *Abdullah v. Bush*, No. 05-CV-0023 (D.D.C. Apr. 8, 2005) (Respondents ordered to produce factual returns by April 15, 2006).

## CONCLUSION

For the foregoing reasons, the Court should grant Petitioner's Motion for Factual Returns.

Dated: November 3, 2006

Respectfully submitted,

Counsel for Petitioner:

/s/ David L. Engelhardt
Frank C. Razzano (DC360173)
David L. Engelhardt (DC429886)
John C. Snodgrass (DC473864)
Reginald B. McKnight (DC493946 )
David L. Gunn (DC488761)
Charmaine Cheung (DC489141)
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006
Tel: (202) 420-2200
Fax: (202) 420-2201

*Of Counsel*
Barbara J. Olshansky (NY0057)
Director Counsel
Tine Monshipour Foster (NY5556)
Gitanjali S. Gutierrez (NY1234)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument and all attachments have been served on the following counsel for Respondents by filing with the Court Security Officer :

> Terry M. Henry, Esq.
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Ave., NW, Room 6120
> Washington, DC 20530
> and
>
> Andrew I. Warden
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Ave., NW, Room 6120
> Washington, DC 20530

On this the 3rd day of November, 2006.

/s/ John C. Snodgrass
John C. Snodgrass

DSMDB-2161934v01