IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABD AL HAKIM GHALIB AHMAD ALHAG, et al., <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, et al., <br><br> Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 05-CV-2199 (HHK)<br>)<br>)<br>)<br>)<br>)<br>) |

## RESPONDENTS' OPPOSITION TO EMERGENCY MOTION FOR ORDER ON PETITIONER'S MOTION FOR FACTUAL RETURNS

Respondents hereby oppose petitioner Abd al Hakim Ghalib Ahmad Alhag's Emergency

Motion for Order on Petitioner's Motion for Factual Returns (dkt. no. 37), which asks the Court

to grant the relief requested in petitioner's Motion for Factual Returns and Memorandum in

Support Thereof (dkt. no. 32).  Respondents continue to oppose the request for the reasons stated

in respondents' opposition to petitioner's initial motion.  Resp'ts' Opp'n to Pet'r's Mot. for

Factual Returns (dkt. no. 33).  In addition, the initiation of this year's round of Administrative

Review Board (ARB) proceedings does not provide reason to overlook the Court's lack of

jurisdiction and the pendency of jurisdictional rulings before the Court of Appeals, because ARB

proceedings are separate from and unrelated to this litigation.  Petitioner's motion should be

denied.

## ARGUMENT

Respondents continue to oppose petitioner Alhag's request for an order compelling

production of a factual return for the reasons stated in respondents' opposition, including this

Court's lack of jurisdiction and the pendency of rulings in the Court of Appeals regarding this court's jurisdiction. See Resp'ts' Opp'n to Pet'r's Mot. for Factual Returns (dkt. no. 33). In addition, the invitation by the Department of Defense to all of the Guantanamo habeas petitioners' counsel to make submissions for this year's round of Administrative Review Board proceedings does not provide a reason to grant the relief the petitioner requests, because Administrative Review Board proceedings are unrelated to this litigation.

The issue in a habeas corpus action is whether there is adequate legal and factual basis for the petitioner's detention. Even if the Court had jurisdiction over this case (and it does not, see Hamdan v. Rumsfeld, 2006 WL 3625015 at *9 (D.D.C. 2006)), the scope of the litigation would be limited to examining the legality of the petitioner's detention. An Administrative Review Board proceeding, however, is not a mechanism for reviewing the legality of the petitioner's detention as an enemy combatant. Instead, the subject of an ARB proceeding examines whether it is in the interest of the United States to continue to detain an enemy combatant whose detention has already been determined by the Department of Defense to be proper. An ARB decision is based on an exercise of military discretion based on factors such as the threat a detainee is believed to pose to the United States or its allies in the ongoing armed conflicts against al Qaeda and its supporters and the detainee's continuing intelligence value. See Revised Implementation of Administrative Review Procedures for Enemy Combatants Detained at U.S. Naval Base Guantanamo Bay, Cuba (July 14, 2006) (available at http://www.defenselink.mil/news/Aug2006/d20060809ARBProceduresMemo.pdf). Such an exercise of discretion presents no issues justiciable in the courts, see, e.g., Dist. No. 1, Pac. Coast Dist., Marine Eng'rs Beneficial Ass'n v. Mar. Admin., 215 F.3d 37, 42 (D.C. Cir.

2000) (finding that the Executive's "judgments on questions of foreign policy and national interest . . . are not subjects fit for judicial involvement"), and a request for information related to ARB proceedings amounts to an improper request for discovery, see, e.g., Bracy v. Gramley, 520 U.S. 899, 904 (1997) (petitioner in a habeas corpus action is generally not entitled to discovery).

The military's notice that petitioner's counsel may submit information for use in the ARB proceedings reflects no more than that the military believes that habeas counsel might have or might wish to submit information relevant to the factors to be considered in the proceedings. It does not in any way render the ARB proceedings ancillary to the habeas litigation or grant habeas counsel a right to obtain information pertaining to or for use in ARB proceedings. Granting petitioner's request would put respondents in the absurd situation of potentially having to provide factual returns for all detainees who are represented by counsel and have upcoming ARB proceedings, even though the ARB proceedings are unrelated to the habeas proceedings and the Court lacks jurisdiction over the habeas proceedings.

Petitioner's counsel also attempt to characterize the invitation to submit information for the ARB proceeding as creating some kind of emergency, stating that "Respondents have never previously contacted counsel regarding the ARB hearings nor provided any other notice of the ARB process." Emergency Mot. for Order on Pet'r's Mot. for Factual Returns at 2 n.2. This statement is incorrect. On February 2, 2006, Commander Teresa McPalmer, who at the time was Legal Advisor for the Office for the Administrative Review of the Detention of Enemy Combatants (OARDEC), notified counsel for habeas petitioners of the 2006 round of ARB proceedings and stated that OARDEC would accept submissions of information for review in the 2006 ARB proceedings until February 24, 2006. Among the recipients of the message was

Reginald McKnight of Dickstein Shapiro Morin & Oshinsky LLP, who is counsel of record for petitioner. See Ex. A (email message from Commander Teresa McPalmer including "mcknightr@dsmo.com" among the list of recipients); see also Pet. for Writ of Habeas Corpus at 29 (Nov. 10, 2005) (dkt. no. 1) (listing Reginald McKnight as counsel for petitioner). Thus, petitioner's counsel were specifically notified of the Department of Defense's willingness to accept submissions for annual ARB proceedings almost one year ago. The invitation for submissions for the current, 2007 round of ARB proceedings raises nothing new and creates no emergency, even aside from the fact that the ARBs and submissions to the ARBs are not proper subjects for this litigation.

Finally, petitioner argues that the production of a factual return is necessary because counsel is planning a visit with the petitioner at Guantanamo Bay in February 2007. To be clear, petitioner's counsel have merely requested such a visit; the visit has not yet been authorized and approved as a logistical matter, however. In any event, the scheduling of a visit with the petitioner does not by itself present circumstances warranting an order to produce factual returns. Given that the Court lacks jurisdiction over the case, the use of a factual return could not be used to advance the litigation in this Court. Further, even if one or more returns were to be ordered, it would be unduly burdensome to key any requirement to produce factual returns to a scheduled or desired visit to Guantanamo Bay by counsel. There are a number of cases, involving multiple detainees, in which factual returns have been or are being requested and in which counsel visits are being or likely will be requested. The logistics of making a factual return and the logistics of arranging counsel visits, where required, involve two separate and unrelated undertakings, and the ability to arrange for a visit does not mean that factual returns pertaining to detainees

involved in any particular visit can or should necessarily be completed prior to the visit.[1]

## CONCLUSION

For the foregoing reasons, petitioner Alhag's Emergency Motion for Order on Petitioner's

Motion for Factual Returns should be denied.

---

[1] Furthermore, while petitioner's motion is labeled as one for "Factual Returns," scrutiny of the relief requested in petitioner's motion reveals that the requested relief wildly exceeds the scope of any "factual return" previously produced in any prior Guantanamo detainee habeas case and should be rejected. Petitioner seeks not just production of a factual return, but also seeks such a return without redaction, as well as additional production of "all evidence in the possession, custody or control of Respondents tending to show that Petitioner is not an enemy combatant or does not present a threat to the United States or its allies." See Motion for Factual Returns and Memorandum in Support Thereof (dkt. no. 32) at 1 & Proposed Order. Of course, as previously argued, jurisdiction is lacking to grant such extraordinary relief. Further, petitioner's latter request for relief is nothing more than an improper and unsupported request for discovery and should be rejected. See Resp'ts' Opp'n to Pet'r's Mot. for Factual Returns (dkt. no. 33) at 7 n.5. This is especially the case given that the CSRT record submitted as a factual return would include record information bearing on the enemy combatant status, or not, of a detainee. Petitioner's former request for relief, seeking to prevent any redactions in the factual return, improperly seeks to override and usurp ab initio respondents' duty and responsibility to ensure that information disclosed to counsel in any factual return is in accordance with all applicable statutes, regulations, and Executive Orders. See id. at 5; cf., e.g., Dep't of the Navy v. Egan, 484 U.S. 518, 529 (1988) ("For reasons . . . too obvious to call for enlarged discussion, the protection of classified information must be committed to the broad discretion of the agency responsible, and this must include broad discretion to determine who may have access to it.") (citation omitted) (internal quotation marks omitted). Further, the very issue of redactions in factual returns in other Guantanamo habeas cases has been briefed and is pending on appeal before the Court of Appeals. See Al Odah v. United States, Nos. 05-5117 - 05-5127 (D.C. Cir.). The Court should not move forward on this issue and grant petitioner's requested relief while the issue, which implicates grave separation of powers concerns, remains pending before the Court of Appeals. Accordingly, even if the Court were to order a factual return in this case, petitioner's requests for additional and improper relief should be rejected.

Dated: January 18, 2007                    Respectfully submitted,

                                                 PETER D. KEISLER
                                                 Assistant Attorney General

                                                 DOUGLAS N. LETTER
                                                 Terrorism Litigation Counsel


                                               /s/ JAMES C. LUH
                                               JOSEPH H. HUNT (D.C. Bar No. 431134)
                                               VINCENT M. GARVEY (D.C. Bar No. 127191)
                                             TERRY M. HENRY
                                             EDWARD H. WHITE
                                             JAMES J. SCHWARTZ
                                             ROBERT J. KATERBERG
                                             ANDREW I. WARDEN
                                             NICHOLAS J. PATTERSON
                                             JAMES C. LUH
                                             Attorneys
                                             United States Department of Justice
                                           Civil Division, Federal Programs Branch
                                           20 Massachusetts Ave., N.W.
                                           Washington, DC  20530
                                           Tel: (202) 514-4938
                                           Fax: (202) 616-8460
                                           E-mail: James.Luh@usdoj.gov

                                           Attorneys for Respondents