PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABD AL HAKIM GHALIB AHMAD ALHAG, *et. al.*, )<br><br>　　*Petitioners*, )<br><br>　　v. )<br><br>GEORGE W. BUSH, *et al.*,<br>　　*Respondents*. ) | Civil Action No. 05-cv-2199 (HHK) |

### PETITIONER'S REPLY IN SUPPORT OF EMERGENCY MOTION FOR ORDER ON MOTION FOR FACTUAL RETURNS

Petitioner submits this reply in further support of his Emergency Motion for Order on Motion for Factual Returns [dkt. no. 37], which seeks production of factual returns in time to meet the government's February 23, 2007, deadline for submissions to be considered at Petitioner's 2007 Annual Review Board ("ARB") hearing. Respondents principally oppose production based on the Court's purported lack of jurisdiction and the pendency of jurisdictional issues before the D.C. Circuit, and Respondents' contention that this habeas action is somehow "unrelated" to the ARB. None of these reasons withstand scrutiny.

As a number of judges of this Court have recently held in ordering production of factual returns over Respondents' jurisdictional objections, although "[t]he D.C. Circuit is currently considering challenges to the [Military Commissions Act of 2006] and [Detainee Treatment Act of 2005] and has not yet determined whether this court has in fact been stripped of jurisdiction over the habeas claims of Guantanamo detainees," this "is not an adequate reason to deny petitioner's motion because a factual return 'will obviously be needed regardless of the resolution of the jurisdictional question.'" *Razakah v. Bush*, Civil No. 05-2370, at 2 (D.D.C. Jan. 23, 2007)

(Sullivan, J.) (quoting *Kahn v. Bush*, Civil No. 05-1001 (D.D.C. Aug. 10, 2006) (Huvelle, J.)).

As Judge Bates has held:

> Because the Court has concluded that the outcome sought by petitioner through the present motion would ultimately be achieved regardless of the disposition of the jurisdictional question, and because this motion does not approach the merits of petitioner's challenge to the legality of his detention, the Court will rule on the motion without resolving respondents' jurisdictional challenge. To do otherwise could unnecessarily prejudice petitioner's ability to timely and meaningfully communicate with counsel and advance his claims, given the logistical difficulties and limitations associated with attorney-client communications in the unique detention setting.

*Al-Ghizzawi v. Bush*, Civil No. 05-2378 (D.D.C. Aug. 8, 2006). *See also Feghoul v. Bush*, Civil No. 06-0618 (D.D.C. Oct. 31, 2006) (Roberts, J.) (ordering production of factual returns over Respondents' jurisdictional objections, because "[d]espite the lack of finality regarding the [jurisdictional] issues on appeal, . . . it is hardly sensible to withhold or frustrate something that is no doubt petitioner's right—a meaningful communication with counsel regarding the factual basis of petitioner's detention").

Respondents' claim that Petitioner's motion should be denied because the ARB is "unrelated" to this habeas action fares no better. As Respondents acknowledge, the issue in any habeas action is whether there is adequate "legal and factual basis for the petitioner's detention." (Resp'ts' Opp'n to Emergency Mot. For Order on Pet'r's Mot. For Factual Returns ("Resp'ts' Opp.") at 2 [dkt. no. 38].) This is the precise issue the ARB means to resolve—whether there are "factors warranting the enemy combatant's continued detention." (Pet'r's Emergency Mot. for Order on Pet'r's Mot. on Factual Returns, Ex. B, at 1 [dkt. no. 37].) Indeed, the outcome of the ARB may result in the in the "[r]elease [of] the enemy combatant without limitations to his home State or a third State." Implementation of Administrative Review Procedures for Enemy Combatants Detained at U.S. Naval Base Guantanamo Bay, Cuba, at Encl. 3, p.1 (July 14, 2006), *available at* http://www.defenselink.mil/news/Sep2004/d20040914adminreview.pdf. Far from

being "unrelated" to this action, if Petitioner can demonstrate at his ARB that his continued detention is not warranted, then presumably he would be released, which would render his habeas petition moot. The Court should grant Petitioner's Emergency Motion to enable him to attempt to make this showing.[1]

Dated: January 25, 2007                                    Respectfully submitted,

/s/ John C. Snodgrass
Frank C. Razzano (DC360173)
David L. Engelhardt (DC429886)
Johnisha Matthews (DC492478)
Reginald B. McKnight (DC493946)
Lisa M. Kaas (DC492302)
John C. Snodgrass (DC473864)
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006
Telephone: (202) 420-2200
Fax: (202) 420-2201

*Of Counsel*
Barbara J. Olshansky (NY0057)
Director Counsel
Tina Monshipour Foster (NY5556)
Gitanjali S. Gutierrez (NY1234)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

---

[1] Pointing to a February 2, 2006, email to (among others) Reginald McKnight inviting submissions to last year's ARB, Respondents suggest that there is no urgent need for the factual returns because Petitioner's lead counsel had an opportunity to submit material at Petitioner's 2006 ARB hearing. (Rep'ts' Opp. at 3-4.) This claim is specious. It was not until February 9, 2006, that Respondents even admitted that Petitioner was a detainee at Guantanamo. (*See* email to David Gunn from Preeya Noronha, attached as Ex. A hereto). Moreover, at the time of the government's notice of the 2006 ARB, there was no Protective Order entered in this case (Respondent opposed its entry), and thus counsel was unable to communicate with Petitioner as required to make a meaningful submission on his behalf. In short, the upcoming ARB hearing will be Petitioner's first opportunity in over 5 years to attempt to demonstrate—with assistance of counsel—that his detention is improper. The Court should reject Respondents' latest attempt to thwart that opportunity and grant the Emergency Motion.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument has been served by filing with the Court Security Officer on the following counsel for Respondents:

    Terry M. Henry
    U.S. Department of Justice
    Civil Division, Federal Programs Branch
    20 Massachusetts Ave., NW, Room 6120
    Washington, DC 20530

    and

    Andrew I. Warden
    U.S. Department of Justice
    Civil Division, Federal Programs Branch
    20 Massachusetts Ave., NW, Room 6120
    Washington, DC 20530

On this the 25th day of January, 2007.

                                                       /s/ John C. Snodgrass
                                                       John C. Snodgrass

DSMDB-2202175v03