# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE:

**GUANTANAMO BAY**
**DETAINEE LITIGATION**

**Misc. No. 08-442 (TFH)**

**Civil Action Nos.**

**02-CV-0828, 04-CV-1136, 04-CV-1164, 04-CV-1194,**
**04-CV-1254, 04-CV-1937, 04-CV-2022, 04-CV-2035,**
**04-CV-2046, 04-CV-2215, 05-CV-0023, 05-CV-0247,**
**05-CV-0270, 05-CV-0280, 05-CV-0329, 05-CV-0359,**
**05-CV-0392, 05-CV-0409, 05-CV-0492, 05-CV-0520,**
**05-CV-0526, 05-CV-0569, 05-CV-0634, 05-CV-0748,**
**05-CV-0763, 05-CV-0764, 05-CV-0765, 05-CV-0833,**
**05-CV-0877, 05-CV-0881, 05-CV-0883, 05-CV-0886,**
**05-CV-0889, 05-CV-0892, 05-CV-0993, 05-CV-0994,**
**05-CV-0995, 05-CV-0998, 05-CV-0999, 05-CV-1048,**
**05-CV-1124, 05-CV-1189, 05-CV-1220, 05-CV-1234,**
**05-CV-1236, 05-CV-1244, 05-CV-1347, 05-CV-1353,**
**05-CV-1429, 05-CV-1457, 05-CV-1458, 05-CV-1487,**
**05-CV-1490, 05-CV-1497, 05-CV-1504, 05-CV-1505,**
**05-CV-1506, 05-CV-1509, 05-CV-1555, 05-CV-1590,**
**05-CV-1592, 05-CV-1601, 05-CV-1602, 05-CV-1607,**
**05-CV-1623, 05-CV-1638, 05-CV-1639, 05-CV-1645,**
**05-CV-1646, 05-CV-1649, 05-CV-1678, 05-CV-1704,**
**05-CV-1725, 05-CV-1971, 05-CV-1983, 05-CV-2010,**
**05-CV-2083, 05-CV-2088, 05-CV-2104, 05-CV-2112,**
**05-CV-2185, 05-CV-2186, 05-CV-2199, 05-CV-2200,**
**05-CV-2249, 05-CV-2348, 05-CV-2349, 05-CV-2367,**
**05-CV-2370, 05-CV-2371, 05-CV-2378, 05-CV-2379,**
**05-CV-2380, 05-CV-2381, 05-CV-2384, 05-CV-2385,**
**05-CV-2386, 05-CV-2387, 05-CV-2398, 05-CV-2444,**
**05-CV-2477, 05-CV-2479, 06-CV-0618, 06-CV-1668,**
**06-CV-1674, 06-CV-1684, 06-CV-1688, 06-CV-1690,**
**06-CV-1691, 06-CV-1725, 06-CV-1758, 06-CV-1759,**
**06-CV-1761, 06-CV-1765, 06-CV-1766, 06-CV-1767,**
**07-CV-1710, 07-CV-2337, 07-CV-2338, 08-CV-0864,**
**08-CV-987**

## ORDER

On July 1, 2008, the United States District Court for the District of Columbia resolved by

Executive Session to designate the undersigned to coordinate and manage proceedings in all

cases involving petitioners presently detained at Guantanamo Bay, Cuba, so that these cases can be addressed as expeditiously as possible per the Supreme Court's decision in *Boumediene v. Bush*, No. 06-1195, slip op. at 66 (June 12, 2008).  Pursuant to LCvR 40.6(a) and 40.5(e), all cases involving Guantanamo Bay detainees that have been filed and that may be filed in the future will be transferred from the Judge to whom they are assigned to the undersigned for the purpose of coordination and management.[1]  The transferring Judge will retain the case for all other purposes.  The undersigned will identify and delineate both procedural and substantive issues that are common to all or some of these cases and, to the extent possible, rule on procedural issues that are common to the cases.

Accordingly, it hereby is **ORDERED** that:

1.  The parties shall appear for a conference on the record to discuss and schedule anticipated proceedings in these cases.  The conference shall take place on **Tuesday, July 8, 2008 at 2:00 p.m. in the Ceremonial Courtroom**, which is located on the Sixth Floor of the E. Barrett Prettyman Courthouse, 333 Constitution Avenue, N.W., Washington, D.C.  20001.

2.  One counsel for each petitioner presently detained at Guantanamo Bay shall be present at the conference, either in person or by telephone, and shall have authority to resolve procedural and scheduling matters.[2]  All petitioners' counsel, however, shall confer beforehand and designate no more than two lead counsel to represent them during the conference.  Likewise, counsel for the United States also shall designate two lead counsel to represent them during the

---

[1]     Excluded from reassignment are all cases over which Judge Richard J. Leon currently presides as well as *Hamdan v. Bush*, No. 04-CV-1519 (Robertson, J.). In addition, cases in which the petitioner is detained in a country other than Cuba also are excluded from reassignment at this time.

[2]     Because of the Court's limited resources and space, for the purpose of this conference only one counsel for each petitioner shall be permitted to appear.

2

conference.  Counsel who are unavailable to appear in person should contact Judge Thomas F.

Hogan's chambers to make arrangements to appear by teleconference.

    3.  As an initial matter, the parties shall be prepared to identify a date by which they will

confer for the purpose of identifying all petitioners who currently have cases pending before the

Court and eliminating any duplicate petitions that have been filed on behalf of a single

individual.  The Court expects this process to clarify the correct identity of petitioners and avoid

possible duplication by, for example, eliminating the number of petitioners proceeding under a

"Doe" surname.  The parties also shall be prepared to identify a date by which they will file a

status report summarizing the status of each case.

    4.  All future filings shall be captioned to identify the Miscellaneous Number established

solely for the purpose of consolidating the proceedings before the undersigned as well as under

the Civil Action Number originally assigned to the petition.  Accordingly, the parties shall adhere

to the above case-caption format for the purpose of filing all documents in these cases, although

the only Civil Action Numbers that will be identified on any given filing will be the numbers

applicable to that particular filing.  For example, if the petitioner in Civil Action No. 09-0111

files a document that applies only to his case, the case caption should be formatted as follows,

with the "XXX" representing the initials of the appropriate judge:

| | |
|---|---|
| **IN RE:** | **Misc. No. 08-442 (TFH)** |
| **GUANTANAMO BAY**<br>**DETAINEE LITIGATION** | **Civil Action No. 09-0111 (XXX)** |

If, however, a filing applies to all cases, then it shall be filed exactly as indicated in the caption

above, which lists all applicable Civil Action Numbers as well as the required Miscellaneous

Number.

     5.  Pursuant to LCvR 5.1(b), counsel shall not direct correspondence to the undersigned. All communications with the Court shall be by motion or other such appropriate filing in accordance with the proper filing procedures.

     6.  The Court expects professionalism, courtesy and civility to govern the parties' conduct at all times during these proceedings.  Given counsels' competence and experience, the Court is confident that this objective will be accomplished without judicial intervention.

     **SO ORDERED.**

July 2, 2008                                       _/s/ Thomas F. Hogan_
                                              Thomas F. Hogan
                                United States District Judge